IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE A. HANDWERK, | : Civil No. 1:25-CV-1377 |
| Plaintiff, | : |
| v. | : (Chief Magistrate Judge Bloom) |
| FRANK BISIGNANO,<br>Commissioner of Social Security, | : |
| Defendant. | : |

MEMORANDUM AND ORDER

Pending before the court is the Commissioner's motion to remand this action pursuant to the fourth sentence of 42 U.S.C. § 405(g).[1] The plaintiff, Julie Handwerk, opposes the motion and argues that remand for an award of benefits rather than for further proceedings is warranted.[2] After review, we conclude that remand for further review is appropriate.

The fourth sentence of 42 U.S.C. § 405(g) states, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the

---

[1] Doc. 11.

[2] Doc. 13.

Commissioner of Social Security, with or without remanding the cause for a rehearing." Accordingly, the court may remand a matter for further review or simply direct an award of benefits.[3] An award of benefits "should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits."[4] Excessive delay, measured by both the passage of years and the amount of prior remands, is also considered in the determination of whether to award benefits.[5]

Handwerk argues that remand for an award of benefits is warranted. She avers that the administrative record is fully developed as evinced by the 7,330-page record, which includes five administrative hearings and testimony from four vocational experts.[6] Handwerk also contends that substantial evidence indicates she is disabled and entitled

---

[3] *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

[4] *Id.* at 221–22.

[5] *Diaz v. Berryhill*, 388 F. Supp. 3d 382, 391 (M.D. Pa. 2019) ("administrative delays of five years or more in cases involving one or two prior remands have constituted excessive delays triggering consideration of an award of benefits in lieu of a remand.").

[6] Doc. 13 at 1.

to benefits based on the Administrative Law Judge's ("ALJ") finding of an onset date of disability of March 3, 2023, and that each of her treating specialists found that she cannot work full-time.[7] Lastly, Handwerk claims excessive delay has occurred which she is not responsible for as her application for benefits was filed more than 15 years ago and her claim was remanded three times prior.[8]

We find Handwerk's argument unavailing. While we appreciate the prolonged time frame of this matter and the voluminous record therein, we also recognize that Handwerk's claim was denied numerous times and her request for review relates to the ALJ's finding that she was not disabled prior to March 3, 2023, with regard to her SSI claim and was not disabled with regard to her DIB claim. The Commissioner concedes, albeit implicitly, that the ALJ did not properly evaluate the evidence or explain his factual findings.[9] The Commissioner further states that "there are findings of fact related to two distinct periods – one for DIB and one for SSI – that require factual findings."[10] He explains that, "[o]n

---

[7] *Id.* at 2.

[8] *Id.*

[9] *See* Doc. 12 at 8.

[10] *Id.*

remand, the Commissioner, through the Appeals Council, will refer Plaintiff's case to an Administrative Law Judge to further evaluate the opinion evidence, further evaluate Plaintiff's physical and mental functioning, offer Plaintiff the opportunity for a hearing, obtain vocational expert evidence if proceeding to step five of the sequential evaluation process, and issue a new decision."[11]

Indeed, the ALJ's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests,"[12] and the ALJ must "indicate in his decision which evidence he has rejected and which he is relying on as the basis for his finding."[13] We must also remain mindful that "we must not substitute our own judgment for that of the fact finder."[14] Thus, we do not find that an award for benefits is appropriate at this juncture.

Accordingly, the Commissioner's motion is GRANTED, and the above-captioned action is REMANDED to the Commissioner for further

---

[11] Doc. 11 ¶ 3.

[12] *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).

[13] *Schaudeck v. Comm'r of Soc. Sec.*, 181 F. 3d 429, 433 (3d Cir. 1999).

[14] *Zirnsak v. Colvin*, 777 F.3d 607, 611 (3d Cir. 2014) (citing *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)).

administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).

So ordered this 6th day of January 2026.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge
